**IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 cr 11-1
Financial Litigation Unit**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | **ORDER OF** |
| **STEPHEN RUSSELL DEAN MCCOY,** ) | **CONTINUING** |
| ) | **GARNISHMENT** |
| **and** ) | |
| ) | |
| **EASTERN BAND OF CHEROKEE INDIANS,** ) | |
| ) | |
| **Garnishee.** ) | |
| _____ ) | |

This matter is before the Court on the Answer of Garnishee, filed on May 9, 2018 [# 70] by the Garnishee, Eastern Band of Cherokee Indians ("Tribe"), and the Response of the United States filed on May 23, 2018 [# 72].

On January 25, 2018, the Honorable Martin Reidinger, United States District Judge, sentenced Defendant to 108 months incarceration for his conviction of robbery within Indian country, assault with a dangerous weapon, with intent to do bodily harm, in Indian country and interference with commerce by robbery, in violation of 18 U.S.C. §§ 2111, 113(a)(3), 1153, 1951(a), and 2. [*See* # 58]. As part of the Judgment, Defendant was ordered to pay a $400.00 criminal assessment and restitution of $4,189.00 to his victims. Subsequently, the United States sought to garnish Defendant's gaming per capita gaming revenue. On April 30, 2018, the Court entered a Writ of Continuing Garnishment as to the Eastern Band of Cherokee Indians [#64]. The United States is entitled to garnish the per

capita payments and has satisfied the prerequisites set forth in 15 U.S.C. § 1673 and other applicable statutes.

On May 9, 2018, the Tribe filed an Answer [# 70] setting forth objections and defenses to the Government's right to garnish. On the basis of those objections, the Tribe requested this Court quash the Government's garnishment.

As to the Tribe's contention that the child support order has priority, the Government does not contest the Tribe's position regarding child support.

The Tribe also objected to the garnishment on the basis that any garnishment order in this action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions. There is no legal authority cited in support of the Tribe's request. Any and all funds collected by the government are sent directly to the Clerk of Court, as is required, so that the Clerk may distribute the funds in accordance with applicable law and as ordered in each criminal judgment. There is no provision that allows the Tribe to distribute funds collected by, or on behalf of, the government, victims, or other entities. To do so would violate the statutory structure of criminal judgments, restitution, the Mandatory Victim Rights Act, and the Crime Victims' Rights Act. The Government is not permitted to cede its collection and distribution authority to the Tribe. This Court agrees that all funds collected by the Government in all its criminal cases are properly allocated, including those collected from garnished per capita distributions, as they are distributed in accordance with applicable statutes and in accordance with the criminal judgments entered by the Court. The methods currently in place are effective, accurate, appropriate, and most importantly, compliant with the applicable laws.

Therefore, the Court **ORDERS** that the Tribe's objections, defenses, or set-offs and its motion to quash be overruled and denied.

Further, the Court **ORDERS** that an Order of Garnishment is hereby **ENTERED** in the amount of $4,589.00, computed through April 27, 2018, which attaches to each per capita distribution of gaming revenues that exceeds any court-ordered child support obligation be garnished in favor of the United States and, upon expiration of the child support obligation, that all such revenue be garnished in favor of the United States until Defendant's assessment and restitution debt is paid in full.

Signed: June 13, 2018

*[signature]*

Dennis L. Howell
United States Magistrate Judge